UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X

MONIQUE DAVIS,

                               Plaintiff,

   -against-

CITY OF NEW YORK, ADAM SEERY, MICHAEL ALONGI,
and JOHN and JANE DOE 1 through 10, individually and in their
official capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                            Defendants,

----------------------------------------------------------------------------X

**AMENDED COMPLAINT**

08 CV 1431
(RRM)(RLM)

<u>Jury Trial Demanded</u>

      Plaintiff MONIQUE DAVIS, by her attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## <u>Preliminary Statement</u>

      1.     Plaintiff brings her action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States. Plaintiff also asserts supplemental state law claims.

## <u>JURISDICTION</u>

      2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## <u>VENUE</u>

      4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff MONIQUE DAVIS is a female citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants, ADAM SEERY, MICHAEL ALONGI, and JOHN and JANE DOE 1 Through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12. Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On January 29, 2007, at approximately 4:45 p.m., plaintiff MONIQUE DAVIS was lawfully present at 350 St. Marks Place, Staten Island, New York, for the purpose of cooperating with an investigation by the New York City Administration for Children's Services ("ACS").

14. At the aforesaid time and place, the defendants, members of the New York City Police Department and ACS, unlawfully and without reasonable suspicion or any just cause falsely arrested and unlawfully imprisoned the plaintiff. Plaintiff was then taken to the NYPD 120th precinct stationhouse against her will, where Ms. Davis was searched, fingerprinted and photographed. During the above described period of time, the defendants conspired to charge Ms. Davis with crimes that she did not commit. Notwithstanding, the Richmond County District Attorneys' Office declined to prosecute Ms. Davis, facilitating her release from custody later that evening. Ms. Davis had to continue to endure an investigation by ACS, which continued until March 27, 2007, when the charges were confirmed to be "unfounded."

15. As a result of the foregoing, plaintiff MONIQUE DAVIS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of her liberty and constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights under 42 U.S.C. § 1983)

16. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" with the same force and effect as if fully set forth herein.

17. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

18. All of the aforementioned acts deprived plaintiff MONIQUE DAVIS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

19. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

20. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

21. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest 42 U.S.C. § 1983)

22. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "21" with the same force and effect as if fully set forth herein.

23. Defendants arrested plaintiff MONIQUE DAVIS without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

24. Defendants caused plaintiff MONIQUE DAVIS to be falsely arrested and unlawfully imprisoned.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. Defendants had an affirmative duty to intervene on behalf of plaintiff MONIQUE DAVIS, whose constitutional rights were being violated in their presence by other officers.

27. The defendants failed to intervene to prevent the unlawful conduct described herein.

28. As a result of the foregoing, plaintiff MONIQUE DAVIS'S liberty was restricted for an extended period of time, she was put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints, and detained and prosecuted without probable cause.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. The defendants conduct herein was an abuse of executive power so clearly

unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

31.   As a result of the foregoing, plaintiff MONIQUE DAVIS was deprived of her liberty and right to substantive due process, causing severe and permanent emotional and physical injuries.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

32.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.   The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

34.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35.   Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

36.   The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, accusing parents of child abuse without sufficient evidence. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff MONIQUE DAVIS'S

rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

37. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff MONIQUE DAVIS.

38. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MONIQUE DAVIS as alleged herein.

39. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff MONIQUE DAVIS as alleged herein.

40. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff MONIQUE DAVIS was unlawfully seized, detained, incarcerated, and subjected to physical restraints.

41. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MONIQUE DAVIS'S constitutional rights.

42. All of the foregoing acts by defendants deprived plaintiff MONIQUE DAVIS of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C.    To be free from malicious abuse of process;

    D.    To be free from false imprisonment/arrest;

    E.    To receive equal protection under law; and

    F.    To be free from the failure to intervene.

43. As a result of the foregoing, plaintiff MONIQUE DAVIS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

46. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

47. The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

48. Plaintiff has complied with all conditions precedent to maintaining the instant action.

49. Their action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

50. Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

52. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

53. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

54. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff MONIQUE DAVIS.

55. As a result of the aforementioned conduct, plaintiff MONIQUE DAVIS suffered emotional distress, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

55. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Defendants arrested plaintiff without probable cause, held her in police custody for an extended period of time against her will, and subjected her to physical restraints.

57. As a result of the aforementioned conduct, plaintiff MONIQUE DAVIS was unlawfully imprisoned in violation of the laws of the State of New York.

### AS AND FOR A NINTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff MONIQUE DAVIS.

60. Defendant City of New York knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

### AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff MONIQUE DAVIS.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct

described herein.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

67. As a result of the foregoing, plaintiff MONIQUE DAVIS is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

**WHEREFORE**, plaintiff MONIQUE DAVIS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs and disbursements of their action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
September 15, 2008

            LEVENTHAL & KLEIN, LLP
            45 Main St., Suite 230
            Brooklyn, New York 10007
            (718) 722-4100

            By: _____
            BRETT H. KLEIN (BK4744)

            Attorneys for Plaintiff MONIQUE DAVIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X

MONIQUE DAVIS,

                                                 Plaintiff,                        08 CV 1431
                                                                                           (RRM)(RLM)

       -against-

CITY OF NEW YORK, ADAM SEERY, MICHAEL ALONGI,
and JOHN and JANE DOE 1 through 10, individually and in their
official capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                                 Defendants,

-----------------------------------------------------------------------------X

## AMENDED COMPLAINT

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff MONIQUE DAVIS
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100